UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

JUAN CARLOS GUERRA-LOPEZ )
)
      Plaintiff, )
vs. ) **COMPLAINT**
)
NATIONAL SERVICE GROUP, INC. )
a incorporated Florida business, and )
EDY MONTIEL, )
jointly and severally, )
)
      Defendants. )
)

Plaintiff, **JUAN CARLOS GUERRA-LOPEZ**, (Hereinafter "Plaintiff") sues Defendants, **NATIONAL SERVICE GROUP, INC.** (Hereinafter "**NATIONAL SERVICE**")**, and EDY MONTIEL**, (Hereinafter "**MONTIEL**"), and states:

### PRELIMINARY STATEMENT

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. ss 201-219 (Section 216 for jurisdictional placement)("the Act").

### PARTIES

2. Plaintiff, **JUAN CARLOS GUERRA-LOPEZ** (hereinafter **"GUERRA-LOPEZ"**) is a resident of Miami Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, **NATIONAL SERVICE**, is a Florida business, operates a kitchen cleaning service with contracts in major hotels and restaurants in South Florida including the Turnberry Isle Miami, located at 19999 West Country Club Drive Aventura, Miami Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

COMPLAINT/FLSA - 1

ORLANDO ANTELO, P.A.
285 NW 27 Ave, Suite 15
Miami, Florida 33125

4. The individual Defendant, **EDY MONTIEL** (hereinafter **"MONTIEL"**) resides in Broward County, Florida and was, and now is, Director and/or owner of **NATIONAL SERVICE.**

5. Defendant, **MONTIEL**, acted and acts directly in the interest of **NATIONAL SERVICE** in relation to its employees.  Thus he was and is an employer within the meaning of the Act (29 U.S.C. section 203(b) and (j)).

## JURISDICTION AND VENUE

6. This action is brought by Plaintiff to recover from the Defendants/Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits

COMPLAINT/FLSA - 2

ORLANDO ANTELO, P.A.
285 NW 27 Ave, Suite 15
Miami, Florida 33125

funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

8. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

10. Plaintiff, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements by regularly and recurrently, as part of his employment duties for Defendant, handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

## FACTUAL ALLEGATIONS

11. The Defendants are in the business of operating a kitchen cleaning service with contracts in major hotels and restaurants in South Florida, and through their business activity affect interstate commerce.

12. The Plaintiff's work for the Defendants likewise affects interstate commerce.
    Plaintiff was employed by Defendants as a **cleaning technician**.

13. At all times from **September 17, 2010 through April 30, 2013**, Defendants, willfully employed Plaintiff in the aforesaid enterprise, in commerce or in the production of goods for commerce as a **cleaning technician**.

14. Defendant **MONTIEL** was, and is now, the Director and/or owner of Defendant **NATIONAL SERVICE** and was the direct supervisor of Plaintiff. Defendant

**MONTIEL** was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interest of Defendant **NATIONAL SERVICE** in relation to the employees of Defendant employer, including Plaintiff.

15. Defendant **MONTIEL** had operational control of the business called **NATIONAL SERVICE,** provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

16. Defendant regularly directed Plaintiff's work and set his schedule.

17. At all times from **September 17, 2010 through April 30, 2013,** Plaintiff, while under the employ of Defendants, handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce.

## COUNT I: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST DEFENDANT NATIONAL SERVICE

18. Plaintiff re-adopts each and every factual allegation in this Complaint as if set out in full herein.

19. Plaintiff re-adopts each jurisdictional allegation stated in this Complaint as if set out in full herein.

20. From **September 17, 2010 through April 30, 2013** Defendant, **NATIONAL SERVICE** willfully and intentionally failed to pay Plaintiff the required time and a half rate for hours worked over 40 in a work week.

21. During the period set forth above, Plaintiff worked 63 hours a week.

22. Plaintiff worked 23 hours of overtime during the work week.

23. Plaintiff was paid the straight time rate of $10.00 an hour for the overtime hours.

24. Defendant is indebted to Plaintiff for unpaid overtime back wages in the amount of **$15,410.00**.

25. Plaintiff has retained the law offices ORLANDO ANTELO, P.A. to represent him in this action and is obligated to pay reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, **GUERRA-LOPEZ**, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff against the Defendant **NATIONAL SERVICE** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

### COUNT II: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT AGAINST MONTIEL

26. Plaintiff re-adopts each and every factual allegation stated in this Complaint as if set out in full herein.

27. Plaintiff re-adopts each jurisdictional allegation stated in this Complaint as if set out in full herein.

### FACTUAL ALLEGATIONS

28. From **September 17, 2010 through April 30, 2013** Defendant, **MONTIEL** willfully and intentionally failed to pay Plaintiff the required time and a half rate for hours worked over 40 in a work week.

29. During the period set forth above, Plaintiff worked 63 hours a week.

30. Plaintiff worked 23 hours of overtime during the work week.

31. Plaintiff was paid the straight time rate of $10.00 an hour for the overtime hours.

32. Defendant is indebted to Plaintiff for unpaid overtime back wages in the amount of **$15,410.00**.

33. Plaintiff has retained the law offices ORLANDO ANTELO, P.A. to represent her in this action and is obligated to pay reasonable attorneys' fees.

**WHEREFORE**, Plaintiff, **GUERRA-LOPEZ**, and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff against the Defendant **MONTIEL** on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

## JURY DEMAND

Plaintiff demand trial by jury of all issues triable as of right by jury.

Dated: June 28, 2013                                   Respectfully submitted,

**ORLANDO ANTELO, P.A.**
285 NW 27 Ave, Suite 15
Miami, Florida 33125
Telephone: 305-207-0404
Facsimile: 305-642-0097


  __s/ Orlando Antelo, Jr_____
Orlando Antelo, Jr., Esq.

ORLANDO ANTELO, P.A.
285 NW 27 Ave, Suite 15
Miami, Florida 33125

COMPLAINT/FLSA - 6